IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-30148-SMY-1 |
| | ) |
| DEVEON HUMPHRIES, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Deveon Humphries was sentenced on November 22, 2021 to a total sentence of 144 months' imprisonment: 24 months for interference with commerce by robbery (Count 1) in violation of 18 U.S.C. §1951; and 120 months for carrying and use of a firearm during a crime of violence (Count 2) in violation of 18 U.S.C. §924(c)(1)(A)(iii), to run consecutive to the sentence imposed on Count 1 (Docs. 113, 116). Humphries recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 124). Pro Bono counsel Justin A. Kuehn was appointed to determine Humphries' eligibility for a sentence reduction and entered his appearance (Docs. 128, 129). Subsequently, Attorney Kuehn moved to withdraw, asserting that Humphries was ineligible for a sentence reduction under Amendment 821 because his criminal history category would not change (Doc. 130). Humphries did not file an objection to the motion to withdraw.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B

creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Humphries' total offense level at sentencing was 24 and his criminal history category was V. His Guidelines sentencing range was 212 to 235 months (92 to 115 months on Count 1; 120 months consecutive on Count 2). A below guideline sentence of 144 months was imposed (24 months on Count 1; 120 months consecutive on Count 2). Because Humphries' criminal history category remains unchanged under Amendment 821, he is ineligible for a sentence reduction.

Accordingly, the Motion to Withdraw (Doc. 130) is **GRANTED**, the Motion to Reduce Pursuant to Amendment 821 (Doc. 124) is **DENIED,** and the Motion to Appoint Counsel (Doc. 125) is **TERMINATED AS MOOT**.

IT IS SO ORDERED.

DATED: April 9, 2024

**STACI M. YANDLE**
**United States District Judge**